UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Gary L. Wise, # 285074,                     )          C/A No. 6:09-01376-HFF-WMC
*aka Gary Legrande Wise,*                   )
                              Plaintiff,     )
                                            )
v.                                          )
                                            )   **REPORT AND RECOMMENDATION**
The United States of America; Kaye G. Hearn, )
Chief Judge; Kenneth A. Richstad, Clerk; V. )
Claire Allen, Deputy Clerk; Bruce H. Williams, )
Judge; J. Cureton, Judge; Jean H. Toal, Chief )
Justice; John H. Waller, Jr., Justice; James E. )
Moore, Justice; E.C. Burnett, III, Justice; Costa )
M. Pleicones, Justice, individually and in their )
official capacities,                        )
                                            )
                                            )
                              Defendants.    )
_____ )

Gary L. Wise (Plaintiff), proceeding *pro se,* states that he is bringing this action pursuant to the Federal Tort Claims Act (FTCA).[1] Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint lists in its caption the United Sates of America as a defendant, however the body of the complaint reveals that Plaintiff is pursuing this action against certain justices of the South Carolina Supreme Court, certain judges of the South Carolina Court of Appeals, and two court support personnel.

The complaint claims various torts by these defendants based on judicial actions taken in Plaintiff's appeal from a state court civil action arising from a prison-related

_____

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

medical claim (Dorchester County C/A No. 2003-CP-18-1893).  In addition to attempting to pursue this claim under the FTCA, Plaintiff also alleges violations of 42 U.S.C. § 1983 by claiming that the defendants' actions have caused his false imprisonment, a denial of his access to courts, a violation of his due process rights and a violation of his right to equal protection.  Plaintiff seeks declaratory relief, injunctive relief, and damages.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."    *Denton v. Hernandez*, 504 U.S. at 31.    Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

2

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

Plaintiff has filed numerous cases in this Court. This action is in essence a repeat filing of a prior case, *Wise v. Supreme Court of SC*, C/A No. 6:09-00495-HFF (D.S.C.), filed against common defendants, just with slight variations. In the prior case, construed under 42 U.S.C. § 1983, Plaintiff was told that the defendants are immune from suit for their judicial actions taken in Plaintiff's appeal from a state court civil action arising from a prison-related medical claim (Dorchester County C/A No. 2003-CP-18-1893). In this case, it appears that Plaintiff may be alleging jurisdiction under the FTCA in an attempt to avoid judicial immunity. However, in another prior case, *Wise v. United States of America*, C/A 6:09-00901-HFF (D.S.C. June 8, 2009), Plaintiff was told that an FTCA claim naming

3

the federal government as a defendant, but raising claims against individual federal judges would fail.[2]  Specifically, Plaintiff was told that judges are immune from suit when acting within their judicial jurisdiction, and that in an FTCA action, "the government is protected from liability under the defense of judicial immunity if judicial immunity is available to the individuals whose actions provide the basis for the FTCA action." *Id.*  This case is another variation on the cases Plaintiff continues to file against state and federal judges concerning the handling of his appeal from a state court civil action arising from a prison-related medical claim (Dorchester County C/A No. 2003-CP-18-1893).

## Discussion

Plaintiff alleges both an FTCA action and a civil rights violation under 42 U.S.C. § 1983 against the defendants.  Because the doctrine of judicial immunity has been explained to Plaintiff in prior cases, yet he continues to file for relief against defendants who are immune from suit, this complaint should be dismissed as frivolous, and this case should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).[3]  Once again, this Court will explain to the Plaintiff the basis for an FTCA action and the doctrine of judicial immunity.

---

[2]This Court takes judicial notice of the fact that this complaint was filed prior to Plaintiff's receipt of the June 8, 2009 Order in *Wise v. United States of America*, C/A 6:09-00901-HFF.

[3]Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

4

A.  FTCA CLAIM

The FTCA, codified at 28 U.S.C. §§ 2671-2680, waives the sovereign immunity of the United States by expressly consenting to suit against the United States under specific conditions.  The FTCA "gives jurisdiction to the federal district courts to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment, subject to several exceptions." *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995).  Because Plaintiff seeks relief from various South Carolina state justices/judges and employees, relief under the FTCA is unavailable to him, and his FTCA claim should be dismissed.

Plaintiff has named the United States of America as a defendant, and the United States of America is the proper defendant in a claim brought under the FTCA. However, in the complaint, Plaintiff states that he is suing the United States of America as a defendant because it "is legally responsible for the overall operation of all lower courts under its jurisdiction, including the South Carolina Court of Appeals, and the Supreme Court of South Carolina."  (Compl. at 2.)[4]  Plaintiff is mistaken about this Court's jurisdiction over South Carolina state courts.  Plaintiff's allegations of tortious conduct are against state actors, not federal actors.  This complaint contains no factual allegations against a federal employee, so Plaintiff cannot pursue his claim under the FTCA.

_____

[4]It is difficult to discern if Plaintiff is attempting to have this Court review the decisions of the state appellate courts concerning his prison-related medical claims.  To the extent that he may be seeking this relief, Plaintiff is referred to Judge Henry F. Floyd's opinion in *Wise v. Supreme Court of SC*, C/A No. 6:09-00495-HFF (D.S.C. June 8, 2009).  Additionally, the civil rights statutes do not afford the lower federal courts jurisdiction "over challenges to state-court decisions in particular cases even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983).

B.  SECTION 1983 CLAIMS

    1.  JUDICIAL IMMUNITY:

        As to any § 1983 violations Plaintiff alleges against any justices of the South Carolina Supreme Court or judges of the South Carolina Court of Appeals based on their rulings in, or handling of, his state court civil appeal, Plaintiff's suit for damages is barred by the doctrine of judicial immunity.  As South Carolina Supreme Court Justices and South Carolina Court of Appeals Judges are part of the State of South Carolina's unified judicial system, *see* S.C. CONST. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989);  *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975), they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "'taken in the complete absence of all jurisdiction.'"); *Stump v. Sparkman*, 425 U.S. 349, 359 (1978) ("A judge is absolutely  immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)  ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citation omitted)); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

        In addition to immunity from monetary damages, the South Carolina Supreme Court Justices and the South Carolina Court of Appeals Judges are also protected from claims for injunctive relief.  Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief

6

against a judicial officer "for an act or omission taken in such officer's judicial capacity . . .

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.

§ 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief

were met, his claim for injunctive relief against the South Carolina Supreme Court Justices

and the South Carolina Court of Appeals Judges is subject to dismissal.

2. QUASI-JUDICIAL IMMUNITY:

As to defendants Kenneth A. Richstad and V. Claire Allen, Clerk and Deputy

Clerk of the South Carolina Court of Appeals, the doctrine of absolute quasi-judicial

immunity in civil suits for damages has also been adopted and made applicable to court

support personnel. "The policy justifying extension of absolute immunity in these

circumstances is to prevent court personnel and other officials from becoming a lightning

rod for harassing litigation aimed at the court." *Snyder v. Nolen*, 380 F.3d 279 (7th Cir.

2004) (citing *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001))*; see Ashbrook v. Hoffman*,

617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).

*Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1

(4th Cir. 1972) which held that clerks of court might be held liable for negligent conduct in

the filing of prisoner pleadings). Thus, the Clerk and Deputy Clerk of the South Carolina

Court of Appeals are immune from damages liability as well.

The law is not as clear with respect to quasi-judicial immunity for clerks of

court and deputy clerks in actions for injunctive relief. However, the weight of authority has

found that quasi-judicial actors are immune from actions seeking injunctive relief. *See*

*Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999); *Roth v. King*, 449 F.3d 1272, 1286-87

(D.C.Cir.2006); *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir.2005) (dicta); *Pelletier v.*

*Rhode Island*, No. 07-186S, 2008 WL 5062162, at *5-6 (D.R.I. Nov. 26, 2008); *Cannon v.*

*South Carolina Dept. of Corrections*, No. 07-3984, 2008 WL 269519, at *4 (D.S.C. Jan. 29, 2008); *Von Staich v. Schwarzenegger*, No. 04-2167, 2006 WL 2715276 (E.D.Cal. Sept. 22, 2006); *contra Simmons v. Fabian*, 743 N.W.2d 281 (Minn.Ct.App.2007).  Because Plaintiff has not alleged that a declaratory decree was violated or declaratory relief was unavailable, the Clerk of Court and Deputy Clerk are entitled to absolute judicial immunity from Plaintiff's suit for both damages and injunctive relief.  Because the Plaintiff is not entitled to injunctive relief, his requested relief for "preliminary and permanent injunction" and "urgent temporary restraining order" (Compl. at 34-35) should likewise be dismissed.

    3.  DECLARATORY RELIEF

        In the complaint, Plaintiff states that he is seeking declaratory relief.  Judicial immunity does not bar § 1983 suits seeking declaratory judgment.  *See Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003).   However, Plaintiff does not seek declaratory relief in the true legal sense. *See* Fed .R. Civ. P. 57; 28 U.S.C. § 2201. Plaintiff asks this Court for "a declaration that the acts and omissions described [in the complaint] violated Plaintiff's rights under the constiton [sic] and laws of the United States."  (Compl. at 34.)   "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."  *Johnson v. McCuskey*, 72 Fed. Appx. at 475 (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)).  "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")).  Plaintiff is not entitled to the declaratory relief that he seeks.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint with prejudice and without issuance and service of process.  28 U.S.C. § 1915(e)(2)(B).

It is further recommended that this frivolous complaint be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).  **Plaintiff's attention is directed to the important notice on the next page.**

June 24, 2009                                       s/William M. Catoe
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).