UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, # 285074,<br>*aka Gary Legrande Wise*<br>        Plaintiff,<br><br>v.<br><br>The United States of America; Kaye G. Hearn, Chief Judge; Kenneth A. Richstad, Clerk; V. Claire Allen, Deputy Clerk; Bruce H. Williams, Judge; J. Cureton, Judge; Jean H. Toal, Chief Justice; John H. Waller, Jr., Justice; James E. Moore, Justice; E.C. Burnett, III, Justice; Costa M. Pleicones, Justice, individually and in their official capacities; DHO Captain Angela Brown; Ofc. A. Gooden; Kenneth Sharp,<br><br>        Defendants. | C/A No. 6:09-01376-HFF-WMC<br><br><br>**REPORT AND RECOMMENDATION** |

Gary L. Wise (Plaintiff), proceeding *pro se,* is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court for review of Plaintiff's amended complaint filed August 19, 2009.[1]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pursuant to 28 U.S.C. § 1915, Plaintiff has been allowed to commence this action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* amended complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th

Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Plaintiff filed this case on June 1, 2009, against the following defendants: Kaye G. Hearn, Chief Judge; Kenneth A. Richstad, Clerk; V. Claire Allen, Deputy Clerk; Bruce H. Williams, Judge; J. Cureton, Judge; Jean H. Toal, Chief Justice; John H. Waller, Jr., Justice; James E. Moore, Justice; E.C. Burnett, III, Justice; Costa M. Pleicones, Justice, (state court defendants) and the United States of America. On June 24, 2009, the undersigned issued a Report and Recommendation (Report) for summary dismissal of this case. Plaintiff filed objections to the Report on July 14, 2009, in which he requested that the Court allow him to correct the errors in his pleading. By order dated July 23, 2009, the Honorable Henry F. Floyd construed Plaintiff's request as a request to amend his complaint and referred this case to the undersigned for further proceedings. By order dated July 29, 2009, Plaintiff was given the opportunity to file an amended complaint pursuant to Federal Rule of Civil Procedure 15 and to provide necessary service documents related to that amended complaint.

On August 19, 2009, Plaintiff filed an amended complaint with multiple attachments (amended complaint) and submitted some of the requested service documents. In the

3

caption of the amended complaint and in his newly submitted service documents, Plaintiff continues to name as defendants the state court defendants listed in his original complaint who are immune from suit. In addition, in the body of the amended complaint, Plaintiff lists the names of three additional defendants; Angela Brown (Brown), Officer A. Gooden (Gooden) and Kenneth Sharp (Sharp), who all appear to be officers at Turbeville Correctional Institution. However, the amended complaint makes no allegations against these three new defendants, as Plaintiff continues to state that he is pursuing both a claim under the Federal Tort Claims Act (FTCA) and violations of 42 U.S.C. § 1983 (*see* Docket Entry # 18-13, p. 2.) through allegations of various tortious acts and constitutional violations against the state court defendants based on their judicial actions taken in Plaintiff's state court proceedings. Plaintiff seeks declaratory relief, injunctive relief, and damages.

## Discussion

This amended complaint raises virtually the same issues raised in the original complaint and, in essence, is a repeat filing of a prior case, *Wise v. Supreme Court of SC*, C/A No. 6:09-00495-HFF (D.S.C.), filed against common defendants. In the previous Report recommending summary dismissal of this case, Plaintiff was told that the state court defendants are immune from suit for their judicial actions taken in Plaintiff's state court case. Additionally, Plaintiff was told in the prior Report that an FTCA claim naming the federal government as a defendant, but raising claims against individual state actors would fail. Once again, this amended complaint makes allegations against defendants who are immune from suit, and it does not state an FTCA claim.

As to any § 1983 violations Plaintiff alleges in his amended complaint against any justices of the South Carolina Supreme Court or judges of the South Carolina Court of Appeals based on their rulings in, or handling of, his state court civil appeal, Plaintiff has been told that his suit for damages is barred by the doctrine of judicial immunity. As South Carolina Supreme Court Justices and South Carolina Court of Appeals Judges are part of the State of South Carolina's unified judicial system, *see* S.C. CONST. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975), they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "'taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 425 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citation omitted)); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff has also been told that in addition to immunity from monetary damages, the South Carolina Supreme Court Justices and the South Carolina Court of Appeals Judges are also protected from claims for injunctive relief. In his amended complaint, Plaintiff argues that judicial immunity does not bar injunctive relief against state court judges based

5

on *Pulliam v. Allen*, 466 U.S. 522 (1984). Plaintiff has been told and is reminded that Congress effectively reversed *Pulliam* by enacting section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), which amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, his amended claim for injunctive relief against the South Carolina Supreme Court Justices and the South Carolina Court of Appeals Judges should be dismissed.

As to defendants Kenneth A. Richstad and V. Claire Allen, Clerk and Deputy Clerk of the South Carolina Court of Appeals, Plaintiff was told that the doctrine of absolute quasi-judicial immunity in civil suits for damages barred recovery against these two defendants. *See Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004) (citing *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001))*; Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972). In his amended complaint, Plaintiff's arguments concerning the quasi- judicial immunity afforded these two defendants have no basis in the law. Thus, the Clerk and Deputy Clerk of the South Carolina Court of Appeals are immune from damages liability.

While the law is not as clear with respect to quasi-judicial immunity for clerks of court and deputy clerks in actions for injunctive relief, Plaintiff has been told that the weight of authority has found that quasi-judicial actors are immune from actions seeking injunctive

relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999); *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C.Cir.2006); *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir.2005) (dicta); *Pelletier v. Rhode Island*, No. 07-186S, 2008 WL 5062162, at *5-6 (D.R.I. Nov. 26, 2008); *Cannon v. South Carolina Dept. of Corrections*, No. 07-3984, 2008 WL 269519, at *4 (D.S.C. Jan. 29, 2008); *Von Staich v. Schwarzenegger*, No. 04-2167, 2006 WL 2715276 (E.D.Cal. Sept. 22, 2006); *contra Simmons v. Fabian*, 743 N.W.2d 281 (Minn.Ct.App.2007). The Clerk of Court and Deputy Clerk are entitled to absolute judicial immunity from Plaintiff's suit for both damages and injunctive relief.

In his amended complaint, Plaintiff asks for a "preliminary injunction and an 'urgent TRO.'" (Docket Entry # 18, p. 6). Because the Plaintiff is not entitled to injunctive relief, his requested relief for a preliminary injunction and an urgent temporary restraining order should likewise be dismissed.

In the amended complaint, Plaintiff asks this Court to "exercise its equitable power, to issue equitable relief in this action, in the form of 'declaratory relief,'" under 28 U.S.C. § 2201. (Docket Entry 18-13, p.8.) Judicial immunity does not bar § 1983 suits seeking declaratory judgment. *See Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003). However, as Plaintiff already has been told, he does not seek declaratory relief in the true legal sense. *See* Fed .R. Civ. P. 57; 28 U.S.C. § 2201. In the amended complaint Plaintiff asks this Court (verbatim) to:

> Issue Plaintiff a declaratory Judgment, under the declaratory Judgment Act, 28 U.S.C.A. § 2201, that the defendant's conduct their actions, violated Mr. Wise's constitutional rights as to matter's declared in this action. And issue a remedy to Mr. Wise's case or controversy on Mr. Wise's asserted rights. Mr. Wise's rights are declared upon existing state of facts, in this instant

> action, and not upon state of facts that may or may not arise in the future.
> Fed. R. Civ. Proc. 57.

(Docket Entry # 18, p.6.) "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. at 475 (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff's request in his amended complaint for a declaratory judgment is nothing more that a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the "declaratory" relief that he seeks.

In the body of the amended complaint, Plaintiff lists the names of three additional defendants, Brown, Gooden, and Sharp, all of whom appear to be officers at Turbeville Correctional Institution. Judicial immunity would not bar suit against these defendants. However, other than being designated as additional defendants, there is no mention of these defendants in the amended complaint. The PLRA requires the court to dismiss an action that is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A careful review of the amended complaint reveals no allegations against Brown, Gooden and Sharp. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 397

8

(4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation"). Because there are no allegations in the amended complaint against Brown, Gooden and Sharp, this case should be dismissed as to these defendants.

Plaintiff's addition of Brown, Gooden and Sharp as named defendants in his amended complaint do not fulfill his request in his objection to the prior Report to correct errors in his original complaint. The original complaint was filed against defendants immune from suit and otherwise failed to state an FTCA claim or seek declaratory judgment in its true sense. The amended complaint continues to make allegations against and seek relief from immune defendants, to fail to state an FTCA claim, and to fail to seek declaratory judgment in its true sense. The amended complaint does not rescue this case from summary dismissal. Therefore, this case should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the amended complaint without prejudice and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B). **Plaintiff's attention is directed to the important notice on the next page**.

                                        s/William M. Catoe
                                        United States Magistrate Judge

September 1, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).